**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

**CHAIN |COHN | CLARK**
Matthew C. Clark (Bar No. 218784)
mclark@chainlaw.com
1731 Chester Ave., Suite 100
Bakersfield, CA 93301-5220
Tel: (661) 334-4931
Fax: (661) 324-1352
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shannon Welch, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| COUNTY OF TULARE; NICHOLAS SANDOVAL; HECTOR RODRIGUEZ; DAVID RANDOLPH; and DOES 1-10, inclusive, | 1. Unlawful Detention and Arrest (42 U.S.C. § 1983) |
| | 2. Unreasonable Search and Seizure— Excessive Force (42 U.S.C. § 1983) |
| Defendants. | 3. Unreasonable Search and Seizure— Denial of Medical Care (42 U.S.C. § 1983) |
| | 4. Municipal Liability— Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) |
| | 5. Municipal Liability—Ratification (42 U.S.C. § 1983) |
| | 6. Municipal Liability—Failure to Train (42 U.S.C. § 1983) |
| | 7. False Arrest/False Imprisonment |
| | 8. Battery |
| | 9. Negligence |
| | 10. Violation of Cal. Civil Code § 52.1 |
| | **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

COME NOW Plaintiff Shannon Welch for his Complaint against Defendants County of Tulare, Nicholas Sandoval, Hector Rodriguez, David Randolph, and Does 1-10, inclusive, and allege as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**INTRODUCTION**

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the excessive use of force against Plaintiff on May 21, 2021.

**PARTIES**

4.      At all relevant times, Plaintiff Shannon Welch ("Plaintiff" or "Mr. Welch") was an individual residing in the City of Bakersfield, California and seeks damages to the extent permitted by law.

5.      At all relevant times, Defendant COUNTY OF TULARE ("COUNTY") is and was a municipal corporation existing under the laws of the State of California.  COUNTY is a chartered subdivision of the State of California

with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Tulare County Sheriff's Department ("TCSD") and its agents and employees.  At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the TCSD and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, COUNTY was the employer of DOES 1-10.

6.     Nicholas Sandoval ("SANDOVAL"), David Randolph ("RANDOLPH"), and Hector Rodriguez ("RODRIGUEZ") are deputies working for the TCSD.  At all relevant times, SANDOVAL, RALDOLPH, and RODRIGUEZ were acting under color of law within the course and scope of their duties as deputies for the TCSD.  At all relevant times, SANDOVAL, RANDOLPH, and RODRIGUEZ were acting with the complete authority and ratification of their principal, Defendant County.

7.     Defendants DOES 1-6 ("DOE DEPUTIES") are deputies working for the TCSD.  At all relevant times, DOE DEPUTIES were acting under color of law within the course and scope of their duties as deputies for the SBSD.  At all relevant times, DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

8.     Defendants DOES 7-10 are managerial, supervisorial, and policymaking employees of the COUNTY/TCSD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the COUNTY/TCSD.  DOES 7-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

9.     On information and belief, SANDOVAL, RANDOLPH, RODRIGUEZ, and DOES 1-10 were/are residents of the COUNTY of TULARE.

10.     In doing the acts and failing and omitting to act as hereinafter described, Defendants SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES were acting on the implied and actual permission and consent of Defendants DOES 7-10 and the COUNTY.

11.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 7-10 were acting on the implied and actual permission and consent of the COUNTY.

12.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend his complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

13.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

14.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

15.     SANDOVAL, RANDOLPH, RODRIGUEZ, and DOES 1-10 are sued in their individual capacity.

16.     On November 12, 2021, Plaintiff filed comprehensive and timely claims for damages with the COUNTY of Tulare pursuant to applicable sections of

1  the California Government Code.  These claims were rejected on December 22,
2  2021.

3

4                    **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

5        17.    Plaintiff repeats and re-alleges each and every allegation in
6  paragraphs 1 through 16 of his Complaint with the same force and effect as if fully
7  set forth herein.

8        18.    At the time of the shooting incident giving rise to this lawsuit, Mr.
9  Welch was a 17 year-old male.

10        19.    On May 21, 2021, TCSD Deputy SANDOVAL, RANDOLPH, and
11  RODRIGUEZ were conducting a parole/ probation compliance check at a residence
12  of Angela Gonzalez when they contacted Mr. Welch.

13        20.    Mr. Welch was in his own bedroom adjacent to the room where Angela
14  Gonzalez was.  Mr. Welch woke up from sleep when he heard TCSD deputies
15  including SANDOVAL, RANDOLPH, and RODRIGUEZ yelling at Angela and
16  kicking the bedroom door where Angela was.

17        21.    When asked what was going on, SANDOVAL came into Mr. Welch's
18  bedroom and tried to put him in handcuffs.  While acting under color of state law
19  and in the course and scope of his duties as a Deputy for the TCSD, SANDOVAL
20  swept Mr. Welch's leg and took him to the ground, causing Mr. Welch to lose
21  balance and hit his head against the tiled floor.  SANDOVAL placed his weight on
22  top of Mr. Welch, and SANDOVAL and RODRIGUEZ placed Mr. Welch in
23  handcuffs by pinning Mr. Welch against the floor while he was screaming in pain.

24        22.    When SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE
25  DEPUTIES entered Mr. Welch's residence especially his room, they did not have a
26  warrant, probable cause, and/or exigent circumstances to enter. Also, they did not
27  get a consent to enter Mr. Welch's room.

28

23.     When SANDOVAL, RODRIGUEZ, and DOE DEPUTIES approached Mr. Welch in his own bedroom, they did not have reasonable suspicion to detain and/or probable cause to arrest him.

24.     While acting under color of state law and in the course and scope of their duties as the Sheriff's deputies for the TCSD, SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES escalated the situation and used excessive force against Mr. Welch, severely injuring Mr. Welch.

25.     At all relevant times, Mr. Welch was in his underwear, just waking up from sleep, unarmed and posed no immediate threat to any person. Therefore, the use of force against Mr. Welch was excessive and unreasonable.

26.     Immediately after the force was used against Mr. Welch, SANDOVAL, RODRIGUEZ, and DOE DEPUTIES placed him in handcuffs and kept him in the handcuffs for an extended period of time all the while Mr. Welch was complaining about pain in his head.

27.     On information and belief, SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES failed to timely summon medical care for Mr. Welch and also prevented the responding paramedics from immediately treating Mr. Welch, thereby contributing to his injuries.

28.     Action and inaction of SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES violated their training and standard police officer training, including violating training with respect to the entry to one's residence/ room, use of force, arrest and detention, and duty to summon medical care.

29.     After being forcefully taken down to the tiled floor and hitting his head, Mr. Welch was in obvious and critical need of emergency medical care and treatment.  On information and belief, Defendants did not timely summon medical care or permit medical personnel to treat Mr. Welch.  The delay of medical care to Mr. Welch caused him severe physical and emotional pain and suffering.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Unlawful Detention and Arrest

### (42 U.S.C. § 1983)

(By Plaintiff against SANDOVAL, RODRIGUEZ, and DOE DEPUTIES)

30.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

31.     The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.  SANDOVAL, RODRIGUEZ, and DOE DEPUTIES violated Mr. Welch's right to be free from unreasonable search and seizures, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32.     At all relevant times, SANDOVAL, RODRIGUEZ, and DOE DEPUTIES acted under color of state law. SANDOVAL, RODRIGUEZ, and DOE DEPUTIES had no probable cause to enter Mr. Welch's bedroom, no reasonable suspicion to detain Mr. Welch and no probable cause to arrest him.  In addition to the entry to the bedroom and detention being unreasonable, the scope and manner of the detention was unreasonable.  It was not necessary to use force against Mr. Welch by forcefully taking him to the ground.

33.     The conduct of SANDOVAL, RODRIGUEZ, and the DOE DEPUTIES was willful, wanton, malicious, and done with an improper motive and intent and a reckless disregard for the rights and safety of Mr. Welch and therefore warrants the imposition of exemplary and punitive damages as to SANDOVAL, RODRIGUEZ, and the DOE DEPUTIES.  As a direct result of the unreasonable detention and arrest, Mr. Welch experienced severe pain and suffering for which he is entitled to recover damages.

34.     As a result of their misconduct, Defendants SANDOVAL, RODRIGUEZ, and DOE DEPUTIES are liable for Mr. Welch's injuries, either because they were integral participants in the use of excessive force, and/or because they failed to intervene to prevent these violations.

35.     Plaintiff brings this claim and seeks damages on this claim, including for Mr. Welch's injuries, including pain and suffering.  Plaintiff also seeks attorney's fees under this claim.

## **SECOND CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(By Plaintiff Against SANDOVAL, RODRIGUEZ, and DOE DEPUTIES)

36.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 35 of their Complaint with the same force and effect as if fully set forth herein.

37.     On May 21, 2021, TCSD Deputy SANDOVAL, RANDOLPH, and RODRIGUEZ were conducting a parole/ probation compliance check at a residence of Angela Gonzalez when he contacted Mr. Welch.

38.     Mr. Welch was in his own bedroom adjacent to the room where Angela Gonzalez was.  Mr. Welch woke up from sleep when he heard TCSD deputies including SANDOVAL, RANDOLPH, and RODRIGUEZ yelling at Angela and kicking the bedroom door where Angela was.

39.     When asked what was going on, SANDOVAL came into Mr. Welch's bedroom and tried to put him in handcuffs.  While acting under color of state law and in the course and scope of his duties as a Deputy for the TCSD, SANDOVAL swept Mr. Welch's leg and forcefully took him to the ground without justification, causing Mr. Welch to lose balance and hit his head against the tiled floor.  Thereafter, RODRIGUEZ and DOE DEPUTIES entered the bedroom, and SANDOVAL placed his weight on top of Mr. Welch.  SANDOVAL,

RODRIGUEZ, and DOE DEPUTIES pinned Mr. Welch against the floor and put him in handcuffs, while he was screaming in pain.

40.     While acting under color of state law and in the course and scope of their duties as the Sheriff's deputies for the TCSD, SANDOVAL, RODRIGUEZ, and DOE DEPUTIES escalated the situation and used excessive force against Mr. Welch, injuring Mr. Welch.

41.     At all relevant times, Mr. Welch was in his underwear, unarmed and posed no immediate threat to any person, and there were other reasonable measures available.  Therefore, the force used was excessive and unreasonable, and violated SANDOVAL's, RODRIGUEZ's, and DOE DEPUTIES' training and standard police officer training.

42.     Defendants' unjustified entry to Mr. Welch's bedroom and uses of force against Mr. Welch deprived Mr. Welch of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.     As a result of the foregoing, Mr. Welch suffered injuries including great physical pain and emotional distress.

44.     As a result of their misconduct, Defendants SANDOVAL, RODRIGUEZ, and DOE DEPUTIES are liable for Mr. Welch's injuries, either because they were integral participants in the use of excessive force, and/or because they failed to intervene to prevent these violations.

45.     The conduct of SANDOVAL, RODRIGUEZ, and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. Welch, and therefore warrants the imposition of exemplary and punitive damages as to SANDOVAL, RODRIGUEZ, and DOE DEPUTIES.

46.     Plaintiff bring this claim and seek damages on this claim, including for Mr. Welch's pain and suffering.  Plaintiff also seeks attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiff against SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES)

47.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 46 of their Complaint with the same force and effect as if fully set forth herein.

48.      After being forcefully taken down to and hit his head against tiled floor, Mr. Welch communicated to SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES that he was in pain, and was in obvious and critical need of emergency medical care and treatment.  Defendants did not timely summon medical care or permit medical personnel to treat Mr. Welch.  The delay of medical care to Mr. Welch caused Mr. Welch extreme physical and emotional pain and suffering.

49.     The denial of medical care by SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES deprived Mr. Welch of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

50.     As a result of the foregoing, Mr. Welch suffered injuries, including great physical pain and emotional distress.

51.     SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES knew that failure to provide timely medical treatment to Mr. Welch could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Mr. Welch great bodily harm.

52.    Mr. Welch was transported from his house to a hospital, where he underwent an emergency surgery to his head.

53.    The conduct of SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. Welch and therefore warrants the imposition of exemplary and punitive damages as to SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES.

54.    Plaintiff brings this claim and seeks damages on this claim, including for Mr. Welch's pain and suffering.  Plaintiff also seeks attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy

### (42 U.S.C. § 1983)

### (By Plaintiff against Defendants COUNTY and DOES 7-10)

55.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 54 of their Complaint with the same force and effect as if fully set forth herein.

56.    SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES acted under color of law at all relevant times, including during the shooting.

57.    When SANDOVAL, RODRIGUEZ, and DOE DEPUTIES unlawfully entered Mr. Welch's bedroom, used force against Mr. Welch, detained and arrested Mr. Welch while he was in his underwear, unarmed and committing no crime, SANDOVAL, RODRIGUEZ, and DOE DEPUTIES failed to de-escalate a situation. Also, when SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES denied Mr. Welch prompt and necessary medical care after SANDOVAL used force against Mr. Welch, SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE

DEPUTIES acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant COUNTY.

58.     On information and belief, SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with SANDOVAL's and RODRIGUEZ's use of force against Mr. Welch and Mr. Welch's injuries resulting from the use of force.

59.     Defendants DOES 7-10, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)   Using excessive force, including excessive use of deadly force;

(b)   Providing inadequate training regarding the use of deadly force, and providing inadequate training with respect to de-escalating a situation;

(c)   Employing and retaining as deputies individuals such as DOE DEPUTIES, whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)   Inadequately supervising, training, controlling, assigning, and disciplining COUNTY peace officers and other personnel, including SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including a failure to train with respect to the use of deadly force and de-escalating situations;

(e)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY officers;

(f)     Failing to adequately discipline COUNTY officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)     Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)     Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which law enforcement officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and other uses of force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

COMPLAINT FOR DAMAGES

60.     By reason of the aforementioned acts and omissions, Plaintiff has suffered injuries.

61.     Defendants COUNTY and DOES 7-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, Defendants COUNTY and DOES 7-10, condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Mr. Welch and other individuals similarly situated.

62.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 7-10 acted with intentional, reckless, and callous disregard for the life of Plaintiff and for Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOES 7-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

63.     The following are only a few examples of continued misconduct by TCSD deputies, which indicate the COUNTY's failure to properly train its officers:

a) In *Atkinson et al. v. County of Tulare, et al.,* (Case No. 1:09-cv-00789), plaintiffs brought an excessive force claim against Tulare County Sheriff's deputies and the County based on an incident in which a decedent was detained by the deputies without probable cause and shot him in the back multiple times causing severe physical injury and killing him.  Tulare County settled this case with the plaintiffs.

b) In *Kellerhals v. Ruelas et al.,* (Case No. 1:20-cv-01279), a plaintiff brought an excessive force claim against Tulare County Sheriff's Deputies Maira Ruelas and Brennan Gonzalez and Tulare County for

1　　　　　　entering the plaintiff's residence without consent, forcing the plaintiff

2　　　　　　to come outside of her place by grabbing her by her arm and putting her

3　　　　　　under arrest by placing her in handcuffs behind her back and forcefully

4　　　　　　pinning against a wall face-first.  Tulare County settled this case with

5　　　　　　the plaintiff.

6　　　　　c) In *Hilian v. Ramirez, et al.*, (Case No. 1:21-cv-00424), a plaintiff

7　　　　　　brought an excessive force claim against Tulare County Sheriff's

8　　　　　　Deputy and Tulare County for threatening, detaining, and battering the

9　　　　　　plaintiff.

10　　　64.　　By reason of the aforementioned policies and practices of Defendants

11 COUNTY and DOES 7-10, Plaintiff suffered severe pain and suffering.  The

12 aforementioned acts and omissions also caused Plaintiff's pain and suffering.

13　　　65.　　Defendants COUNTY and DOES 7-10, together with various other

14 officials, whether named or unnamed, had either actual or constructive knowledge

15 of the deficient policies, practices and customs alleged in the paragraphs above.

16 Despite having knowledge as stated above these defendants condoned, tolerated and

17 through actions and inactions thereby ratified such policies.  Said defendants also

18 acted with deliberate indifference to the foreseeable effects and consequences of

19 these policies with respect to the constitutional rights of Plaintiff and other

20 individuals similarly situated.

21　　　66.　　By perpetrating, sanctioning, tolerating and ratifying the outrageous

22 conduct and other wrongful acts, Defendants COUNTY and DOES 7-10 acted with

23 an intentional, reckless, and callous disregard for the safety and constitutional rights

24 of Plaintiff.  Defendants COUNTY and DOES 7-10 and each of their actions were

25 willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and

26 unconscionable to any person of normal sensibilities.

27

28

67.     The policies, practices, and customs implemented and maintained and still tolerated by COUNTY and DOES 7-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

68.     Accordingly, Defendants COUNTY and DOES 7-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

69.     Plaintiff brings this claim and seeks wrongful death and survival damages on this claim, including for pain and suffering.  Plaintiff also seeks attorney's fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability—Ratification (42 U.S.C. § 1983)

(By Plaintiff against Defendants COUNTY and DOES 7-10)

70.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

71.     SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES' acts, including unlawfully detaining and arresting Plaintiff, using force against Plaintiff while he was in his underwear, unarmed and committing no crime, failing to de-escalate a situation, and then denying Plaintiff prompt and necessary medical care, deprived Plaintiff of his particular rights under the United States Constitution.

72.     At all relevant times, SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES were acting under color of law.

73.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES' acts, ratified SANDOVAL's, RANDOLPH's, RODRIGUEZ's, and DOE DEPUTIES' acts and the bases for them.  Upon information and belief, the final policymakers knew of and specifically approved of

1    SANDOVAL's, RANDOLPH's, RODRIGUEZ's, and DOE DEPUTIES' acts,

2    including the unlawful entry and use of force.  Upon information and belief, the

3    final policymaker(s) have determined that SANDOVAL's, RANDOLPH's,

4    RODRIGUEZ's, and DOE DEPUTIES' actions were "within policy."

5         74.    As a direct and proximate result of the aforementioned conduct,

6    Plaintiff endured pain and suffering.

7         75.    Accordingly, Defendants COUNTY and DOES 7-10 each are liable to

8    Plaintiff for compensatory damages under 42 U.S.C. §1983.

9         76.    Plaintiff brings this claim and seeks damages on this claim, including

10   for his pain and suffering.  Plaintiffs also seek attorney's fees and costs under this

11   claim.

12

13   **SIXTH CLAIM FOR RELIEF**

14   **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

15   (Against Defendants COUNTY and DOES 7-10)

16        77.    Plaintiff repeats and re-alleges each and every allegation in paragraphs

17   1 through 76 of their Complaint with the same force and effect as if fully set forth

18   herein.

19        78.    Defendants SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE

20   DEPUTIES acted under color of law.

21        79.    SANDOVAL's, RANDOLPH's, RODRIGUEZ's, and DOE

22   DEPUTIES' acts, including unlawfully entering the bedroom and detaining and

23   arresting Plaintiff, using force against Plaintiff while he was in his underwear,

24   unarmed and committing no crime, and then denying Plaintiff prompt and necessary

25   medical care, deprived Plaintiff of his particular rights under the United States

26   Constitution.

27

28

80.     The training policies of Defendant COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.  This includes training polices with respect to the entry of one's residence, use of force, and with respect to handling and de-escalating situations.

81.     Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

82.     The failure of Defendant COUNTY to provide adequate training caused the deprivation of Plaintiff's rights by SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES; that is, the defendants' failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

83.     The following are only a few examples of continued misconduct by police officers working for the COUNTY, which indicate the COUNTY's failure to properly train its police officers:

a) In *Atkinson et al. v. County of Tulare, et al.,* (Case No. 1:09-cv-00789), plaintiffs brought an excessive force claim against Tulare County Sheriff's deputies and the County based on an incident in which a decedent was detained by the deputies without probable cause and shot him in the back multiple times causing severe physical injury and killing him.  Tulare County settled this case with the plaintiffs.

b) In *Kellerhals v. Ruelas et al.,* (Case No. 1:20-cv-01279), a plaintiff brought an excessive force claim against Tulare County Sheriff's Deputies Maira Ruelas and Brennan Gonzalez and Tulare County for entering the plaintiff's residence without consent, forcing the plaintiff to come outside of her place by grabbing her by her arm and putting her under arrest by placing her in handcuffs behind her back and forcefully pinning against a wall face-first.  Tulare County settled this case with the plaintiff.

c) In *Hilian v. Ramirez, et al.*, (Case No. 1:21-cv-00424), a plaintiff brought an excessive force claim against Tulare County Sheriff's Deputy and Tulare County for threatening, detaining, and battering the plaintiff.

84.     By reason of the aforementioned acts and omissions, Plaintiff has suffered pain and suffering.

85.     Accordingly, Defendants COUNTY and DOES 7-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

86.     Plaintiff brings this claim and seek damages on this claim, including for Plaintiff's pain and suffering.  Plaintiff also seeks attorney's fees under this claim.

## SEVENTH CLAIM FOR RELIEF
### False Arrest / False Imprisonment
(Against SANDOVAL, RODRIGUEZ, DOE DEPUTIES and COUNTY)

87.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 86 of this Complaint.

88.     SANDOVAL, RODRIGUEZ, and DOE DEPUTIES entered Plaintiff's bedroom without probable cause, exigent circumstances, or warrant, and detained Plaintiff without reasonable suspicion and arrested him without probable cause.  Not only was the entry and detention itself unreasonable, but the scope and manner of the detention was unreasonable as set forth above.  SANDOVAL, RODRIGUEZ, and DOE DEPUTIES intentionally restricted Plaintiff's freedom of movement for an appreciable amount of time.  Plaintiff did not consent to the restriction of his freedom of movement.  Plaintiff was in his underwear, waking up from sleep, unarmed and committing no crime at all relevant times.

89.     As an actual and proximate result of SANDOVAL, RODRIGUEZ, and DOE DEPUTIES' false arrest/false imprisonment of Plaintiff and the force used thereafter, Plaintiff has sustained injuries including to his head.  Accordingly, Plaintiff is entitled to compensatory damages on this claim.

90.     Defendants committed the aforementioned acts and omissions knowingly, willfully, maliciously, with the expressed intent to harm Plaintiff and with conscious or reckless disregard for Plaintiff's rights.  By reason thereof, Plaintiff seeks punitive and exemplary damages from SANDOVAL, RODRIGUEZ, and DOE DEPUTIES in an amount according to proof at trial.

91.     Defendant COUNTY is vicariously liable for the wrongful acts of SANDOVAL, RODRIGUEZ, and DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

92.     Plaintiff brings this claim and seeks damages on this claim, including for his pain and sufferings.

## EIGHTH CLAIM FOR RELIEF

### Battery

(By Plaintiff against Defendants SANDOVAL, RODRIGUEZ, DOE DEPUTIES and COUNTY)

93.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 92 of their Complaint with the same force and effect as if fully set forth herein.

94.     SANDOVAL, RODRIGUEZ, and DOE DEPUTIES, while working and acting within the course and scope of their duties as TCSD's Sheriff's deputies, used excessive force against Plaintiff.  At the time of the shooting, Plaintiff was in his underwear, awaking from sleep, unarmed and posed no immediate threat to SANDOVAL or DOE DEPUTIES or to anyone else.  SANDOVAL forcefully took Plaintiff to the ground causing a serious head injury.  SANDOVAL placed his weight on top of Plaintiff, and SANDOVAL, RODRIGUEZ, and DOE DEPUTIES

1  further pinned Plaintiff against the ground and put handcuffs on Plaintiff while
2  Plaintiff was screaming in pain.  There were other reasonable measures available.
3  The use of force was excessive and objectively unreasonable.

4  95.  As a direct and proximate result of the force used by SANDOVAL and
5  DOE DEPUTIES as alleged above, Plaintiff sustained injuries including to his head.
6  As a direct and proximate result of SANDOVAL's and DOE DEPUTIES' use of
7  force and other misconduct as set forth herein, Plaintiff suffered damages.

8  96.  The COUNTY is vicariously liable for the wrongful acts of
9  SANDOVAL, RODRIGUEZ, and DOE DEPUTIES pursuant to section 815.2(a) of
10 the California Government Code, which provides that a public entity is liable for the
11 injuries caused by its employees within the scope of the employment if the
12 employee's act would subject him or her to liability.

13 97.  The conduct of SANDOVAL, RODRIGUEZ, was malicious, wanton,
14 oppressive, and accomplished with a conscious disregard for the rights of Plaintiff,
15 entitling Plaintiff to an award of exemplary and punitive damages as to
16 SANDOVAL, RODRIGUEZ, and DOE DEPUTIES.

17 98.  As a result of their misconduct, Defendants SANDOVAL,
18 RODRIGUEZ, and DOE DEPUTIES are liable for Plaintiff's injuries, either
19 because they were integral participants and/or because they failed to intervene to
20 prevent aforementioned violations.

21 99.  Plaintiff brings this claim and seeks damages on this claim as permitted
22 by law.

### NINTH CLAIM FOR RELIEF

**Negligence** (Against all Defendants)

25 100.  Plaintiff repeats and re-alleges each and every allegation in
26 paragraphs 1 through 99 of his Complaint with the same force and effect as if fully
27 set forth herein.

28

101.   Police officers, including SANDOVAL, RANDOLPH, RODRIGUEZ, and DOES 1-10, have a duty to use reasonable care to prevent harm or injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary.

102.   SANDOVAL, RANDOLPH, RODRIGUEZ, and DOES 1-10 breached this duty of care.  The actions and inactions of Defendants SANDOVAL, RANDOLPH, RODRIGUEZ, and DOES 1-10 were negligent and reckless, including but not limited to:

    (a)   the failure to properly and adequately assess the need to use force against Plaintiff;

    (b)   the negligent tactics and handling of the situation with Plaintiff, including pre-use of force negligence;

    (c)   the negligent use of force against Plaintiff;

    (d)   the negligence with respect to entry of one's residence/bedroom;

    (e)   the failure to provide prompt medical care to Plaintiff;

    (f)   the failure to properly train and supervise SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES with respect to the use of force;

    (g)   the failure to properly train and supervise SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES with respect to the legal entry of one's residence/ bedroom;

    (h)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff; and

    (i)   the negligent communication of information during the incident.

103.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering.

104.   The COUNTY is vicariously liable for the wrongful acts of Defendants SANDOVAL, RANDOLPH, RODRIGUEZ, and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

105.   Plaintiff brings this claim and seeks damages on this claim, including for his pain and suffering.

## TENTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(Against all Defendants)

106.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 105 of their Complaint with the same force and effect as if fully set forth herein.

107.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from intentionally interfering with a person's constitutional rights, which can be shown by a reckless disregard for that person's constitutional rights.  Here, SANDOVAL, RODRIGUEZ, and DOE DEPUTIES acted with a reckless disregard for Plaintiff's constitutional rights when they entered his bedroom without probable cause, consent, exigent circumstances, or warrant and used excessive force against him, including pinning Plaintiff against the floor and placing SANDOVAL's weight on him, which shows their intent to violate Plaintiff's constitutional rights.

108.   On information and belief, SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES, while working for the COUNTY and acting

within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Plaintiff, including forcefully taking Plaintiff down and hitting Plaintiff's head against tiled floor without justification or excuse and denying him necessary medical care.

109.   When SANDOVAL, RODRIGUEZ, and DOE DEPUTIES entered Plaintiff's bedroom and used excessive force against Plaintiff, they interfered with Plaintiff's constitutional rights to be free from search and seizure and excessive force.

110.   Defendants intentionally interfered with the above civil rights of Plaintiff by demonstrating a reckless disregard for the right to be free from search and seizure and excessive force.

111.   Plaintiff was caused to suffer severe pain and suffering.  The conduct of SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES was a substantial factor in causing Plaintiff's injuries and damages.

112.   The COUNTY is vicariously liable for the wrongful acts of Defendants SANDOVAL and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.  Defendants DOES 7-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

113.   The conduct of SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights in that his constitutional rights were intentionally deprived and violated, and/or there was reckless disregard for constitutional rights of Plaintiff.  As such, the aforementioned conduct entitles Plaintiff to an award of exemplary and punitive damages as to SANDOVAL, RANDOLPH, RODRIGUEZ, and DOE DEPUTIES.

1    114.   Plaintiff brings this claim and seek damages on this claim, including for

2  his injuries.  Plaintiff also seeks attorney's fees and a multiplier under this claim

3  pursuant to Cal. Civ. Code §52 *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Shannon Welch requests entry of judgment in his favor and against Defendants County of Tulare, SANDOVAL, RANDOLPH, RODRIGUEZ, and Does 1-10, inclusive, as follows:

A.   For compensatory damages under federal and state law, in the amount to be proven at trial;

B.   For punitive damages against the individual defendants in an amount to be proven at trial;

C.   For interest;

D.   For reasonable attorneys' fees, including litigation expenses;

E.   For costs of suit; and

F.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED: June 21, 2022             LAW OFFICES OF DALE K. GALIPO

Dale K. Galipo
*Attorney for Plaintiffs*

1   **<u>DEMAND FOR JURY TRIAL</u>**

2       Plaintiff hereby demands a trial by jury.

3

4   DATED: June 21, 2022              LAW OFFICES OF DALE K. GALIPO

5

6

7

8                                    Dale K. Galipo

9                                    *Attorney for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES