JENNIFER M. FLORES, SBN 271493
County Counsel for the County of Tulare
KATHLEEN A. TAYLOR, SBN 131100
Chief Deputy County Counsel
AMY I. MYERS, SBN 269475
Deputy County Counsel
2900 West Burrel, County Civic Center
Visalia, California 93291
Phone: (559) 636-4950
Fax: (559) 737-4319
E-mail: AMyers1@tularecounty.ca.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA – FRESNO

| | |
|---|---|
| SHANNON WELCH<br><br>              Plaintiff,<br><br>v.<br><br>COUNTY OF TULARE, David RANDOLPH, Hector RODRIGUEZ, and Nicholas SANDOVAL,<br>              Defendants. | **Case Number: 1:22-CV-00755-DAD-HBK**<br><br>**DEFENDANTS COUNTY OF TULARE, RANDOLPH, RODRIGUEZ, AND SANDOVAL'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>*Exempt from Filing Fees Pursuant to Government Code §6103* |

## ANSWER

COMES NOW Defendants, County of Tulare, David Randolph, Hector Rodriguez, and Nicholas Sandoval ("Defendants"), and answering the unverified First Amended Complaint (FAC) for themselves alone pursuant to Rule 8 of the Federal Rules of Civil Procedure, admit, deny, and allege as follows:

## ADMISSIONS AND DENIALS

1. Defendants admit that this Court has subject matter jurisdiction over the federal causes of action pursuant to 28 U.S.C. § 1331 and § 1343, and that the Court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and deny the remaining allegations contained in Paragraph 1 of the FAC.

2. Defendants admit that this Court has venue pursuant to 28 U.S.C. § 1391 and deny the remaining allegations contained in Paragraph 2 of the FAC.

3. Defendants deny the allegations contained Paragraph 3 of the FAC .

4. Defendants deny that Plaintiff was residing in the City of Bakersfield at all relevant times and lack sufficient information to admit or deny the remaining allegations contained in Paragraph 4 of the FAC.

5. Defendants admit that the County of Tulare is a municipal entity in the State of California and deny the remaining allegations contained in Paragraph 5 of the FAC.

6. Defendants admit that Randolph, Rodriguez, and Sandoval are deputies employed by the County of Tulare and were acting under color of law within the course and scope of their duties at the time of the incident and deny the remaining allegations contained in Paragraph 6 of the FAC.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the FAC and therefore deny.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the FAC and therefore deny.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the FAC and therefore deny.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the FAC and therefore deny.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the FAC and therefore deny.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the FAC and therefore deny.

13. Defendants deny the allegations contained in Paragraph 13 of the FAC.

14. Defendants admit that Randolph, Rodriguez, and Sandoval were acting under color of law within the course and scope of their duties as deputies employed by the County of Tulare at the time of the incident and deny the remaining allegations contained in Paragraph 14 of the FAC.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the FAC and therefore deny.

16. Defendants admit that on November 12, 2021 Plaintiff filed a claim with the County of Tulare that was denied by the County on December 22, 2021 and deny the remaining allegations contained in Paragraph 16 of the FAC.

17. The allegations contained in Paragraph 17 of the FAC are admitted or denied by Defendants as set out above in response to the individual incorporated paragraphs.

18. Defendants admit.

19. Defendants admit that Plaintiff was contacted on May 21, 2021 at the residence of Angela Gonzalez while deputies Randolph, Rodriguez, and Sandoval were assisting in a parole compliance check and deny any remaining allegations contained in Paragraph 19 of the FAC.

20. Defendants deny the allegations contained in Paragraph 20 of the FAC.

21. Defendants deny the allegations contained in Paragraph 21 of the FAC.

22. Defendants deny the allegations contained in Paragraph 22 of the FAC.

23. Defendants deny the allegations contained in Paragraph 23 of the FAC.

24. Defendants deny the allegations contained in Paragraph 24 of the FAC.

25. Defendants deny the allegations contained in Paragraph 25 of the FAC.

26. Defendants deny the allegations contained in Paragraph 26 of the FAC.

27. Defendants deny the allegations contained in Paragraph 27 of the FAC.

28. Defendants deny the allegations contained in Paragraph 28 of the FAC.

29. Defendants deny the allegations contained in Paragraph 29 of the FAC.

30. The allegations contained in Paragraph 30 of the FAC are admitted or denied by Defendants as set out above in response to the individual incorporated paragraphs.

31. Defendants admit that Plaintiff has enumerated constitutional rights to the extent established by applicable law and deny all remaining allegations contained in Paragraph 31 of the FAC.

32. Defendants deny the allegations contained in Paragraph 32 of the FAC.

33. Defendants deny the allegations contained in Paragraph 33 of the FAC.

34. Defendants deny the allegations contained in Paragraph 34 of the FAC.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of the FAC and therefore deny.

36. The allegations contained in Paragraph 36 of the FAC are admitted or denied by Defendants as set out above in response to the individual incorporated paragraphs.

37. The allegations contained in Paragraph 37 of the FAC are identical to the allegations contained in Paragraph 19 of the FAC. The allegations are therefore admitted or denied by Defendants as set out above in response Paragraph 19.

38. The allegations contained in Paragraph 38 of the FAC are identical to the allegations contained in Paragraph 20 of the FAC. Defendants again deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39 of the FAC.

40. Defendants deny the allegations contained in Paragraph 40 of the FAC.

41. Defendants deny the allegations contained in Paragraph 41 of the FAC.

42. Defendants deny the allegations contained in Paragraph 42 of the FAC.

43. Defendants deny the allegations contained in Paragraph 43 of the FAC.

44. Defendants deny the allegations contained in Paragraph 44 of the FAC.

45. Defendants deny the allegations contained in Paragraph 45 of the FAC.

46. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 46 of the FAC and therefore deny.

47. The allegations contained in Paragraph 47 of the FAC are admitted or denied by Defendants as set out above in response to the individual incorporated paragraphs.

48. Defendants deny the allegations contained in Paragraph 48 of the FAC.

49. Defendants deny the allegations contained in Paragraph 49 of the FAC.

50. Defendants deny the allegations contained in Paragraph 50 of the FAC.

51. Defendants deny the allegations contained in Paragraph 51 of the FAC.

52. Defendants deny the allegations contained in Paragraph 52 of the FAC.

53. Defendants deny the allegations contained in Paragraph 53 of the FAC.

54. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 54 of the FAC and therefore deny.

55. The allegations contained in Paragraph 55 of the FAC are admitted or denied by Defendants as set out above in response to the individual incorporated paragraphs.

56. Defendants admit that Randolph, Rodriguez, and Sandoval were acting under color of law at the time of the incident and deny the remaining allegations contained in Paragraph 56 of the FAC.

57. Defendants deny the allegations contained in Paragraph 57 of the FAC.

58. Defendants deny the allegations contained in Paragraph 58 of the FAC.

59. Defendants deny the allegations contained in Paragraph 59 of the FAC.

60. Defendants deny the allegations contained in Paragraph 60 of the FAC.

61. Defendants deny the allegations contained in Paragraph 61 of the FAC.

62. Defendants deny the allegations contained in Paragraph 62 of the FAC.

63. Defendants deny the allegations contained in Paragraph 63 of the FAC.

64. Defendants deny the allegations contained in Paragraph 64 of the FAC.

65. Defendants deny the allegations contained in Paragraph 65 of the FAC.

66. Defendants deny the allegations contained in Paragraph 66 of the FAC.

67. Defendants deny the allegations contained in Paragraph 67 of the FAC.

68. Defendants deny the allegations contained in Paragraph 68 of the FAC.

69. Defendants deny the allegations contained in Paragraph 69 of the FAC.

70. The allegations contained in Paragraph 70 of the FAC are admitted or denied by Defendants as set out above in response to the individual incorporated paragraphs.

71. Defendants deny the allegations contained in Paragraph 71 of the FAC.

72. Defendants admit that Randolph, Rodriguez, and Sandoval were acting under color of law at the time of the incident and lack sufficient information to admit or deny the remaining allegations contained in Paragraph 72 of the FAC and therefore deny.

73. Defendants deny the allegations contained in Paragraph 73 of the FAC.

74. Defendants deny the allegations contained in Paragraph 74 of the FAC.

75. Defendants deny the allegations contained in Paragraph 75 of the FAC.

76. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 76 of the FAC and therefore deny.

77. The allegations contained in Paragraph 77 of the FAC are admitted or denied by Defendants as set out above in response to the individual incorporated paragraphs.

78. The allegations contained in Paragraph 78 are identical to the allegations contained in Paragraphs 56 and 72, which Defendants responded and repeat here: Defendants admit that Randolph, Rodriguez, and Sandoval were acting under color of law at the time of the incident and lack sufficient information to admit or deny the remaining allegations contained in Paragraph 78 of the FAC and therefore deny.

79. Defendants deny the allegations contained in Paragraph 79 of the FAC.

80. Defendants deny the allegations contained in Paragraph 80 of the FAC.

81. Defendants deny the allegations contained in Paragraph 81 of the FAC.

82. Defendants deny the allegations contained in Paragraph 82 of the FAC.

83. Defendants deny the allegations contained in Paragraph 83 of the FAC.

84. Defendants deny the allegations contained in Paragraph 84 of the FAC.

85. Defendants deny the allegations contained in Paragraph 85 of the FAC.

86. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 86 of the FAC and therefore deny.

87. The allegations contained in Paragraph 87 of the FAC are admitted or denied by Defendants as set out above in response to the individual incorporated paragraphs.

88. Defendants deny the allegations contained in Paragraph 88 of the FAC.

89. Defendants deny the allegations contained in Paragraph 89 of the FAC.

90. Defendants deny the allegations contained in Paragraph 90 of the FAC.

91. Defendants deny the allegations contained in Paragraph 91 of the FAC.

92. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 92 of the FAC and therefore deny.

93. The allegations contained in Paragraph 93 of the FAC are admitted or denied by Defendants as set out above in response to the individual incorporated paragraphs.

94. Defendants deny the allegations contained in Paragraph 94 of the FAC.

95. Defendants deny the allegations contained in Paragraph 95 of the FAC.

96. Defendants deny the allegations contained in Paragraph 96 of the FAC.

97. Defendants deny the allegations contained in Paragraph 97 of the FAC.

98. Defendants deny the allegations contained in Paragraph 98 of the FAC.

99. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 99 of the FAC and therefore deny.

100. The allegations contained in Paragraph 100 of the FAC are admitted or denied by Defendants as set out above in response to the individual incorporated paragraphs.

101. Defendants deny the allegations contained in Paragraph 101 of the FAC.

102. Defendants deny the allegations contained in Paragraph 102 of the FAC.

103. Defendants deny the allegations contained in Paragraph 103 of the FAC.

104. Defendants deny the allegations contained in Paragraph 104 of the FAC.

105. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 105 of the FAC and therefore deny.

106. The allegations contained in Paragraph 106 of the FAC are admitted or denied by Defendants as set out above in response to the individual incorporated paragraphs.

107. Defendants deny the allegations contained in Paragraph 107 of the FAC.

108. Defendants deny the allegations contained in Paragraph 108 of the FAC.

109. Defendants deny the allegations contained in Paragraph 109 of the FAC.

110. Defendants deny the allegations contained in Paragraph 110 of the FAC.

111. Defendants deny the allegations contained in Paragraph 111 of the FAC.

112. Defendants deny the allegations contained in Paragraph 112 of the FAC.

113. Defendants deny the allegations contained in Paragraph 113 of the FAC.

114. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 114 of the FAC and therefore deny.

As separate and affirmative defenses, these answering Defendants allege as follows:

## **FIRST AFFIRMATIVE DEFENSE**

115. Defendants allege that the FAC fails to state a claim against any of these Defendants.

### SECOND AFFIRMATIVE DEFENSE

116. Defendants allege that at all times relevant to this litigation, criminal proceedings were instituted against Plaintiff and those proceedings are still pending, however these Defendants believe Plaintiff will be convicted thereby precluding Plaintiff from recovering from Defendants.

### THIRD AFFIRMATIVE DEFENSE

117. Defendants allege that at all times relevant to this litigation, Defendants RANDOLPH, RODRIGUEZ, and SANDOVAL were duly qualified, appointed peace officers acting within the course and scope of their employment.

### FOURTH AFFIRMATIVE DEFENSE

118. Defendants allege that at all times relevant to this litigation, Plaintiff willfully resisted, delayed, or obstructed a public officer in the discharge or attempt to discharge the duty of their office.

### FIFTH AFFIRMATIVE DEFENSE

119. Defendants allege that at all times relevant to this litigation the Plaintiff knew or, in the exercise of reasonable care, should have known that Plaintiff was being lawfully detained and therefore Plaintiff had the duty to refrain from using any force to resist such detention.

### SIXTH AFFIRMATIVE DEFENSE

120. Defendants allege that at all times relevant to this litigation, Plaintiff was subject to restraint as was reasonably necessary for Plaintiff's arrest and/or detention.

### SEVENTH AFFIRMATIVE DEFENSE

121. Defendants allege that at all times relevant to this litigation only reasonable force was used to effect Plaintiff's arrest, prevent escape, or overcome resistance.

### EIGHTH AFFIRMATIVE DEFENSE

122. Defendants allege that at all relevant times, Plaintiff's arrest was affected and/or Plaintiff's

escape and/or resistance was prevented by the use of reasonable force.

## NINTH AFFIRMATIVE DEFENSE

123. Defendants allege that at all times relevant, the detention and arrest of Plaintiff was lawful and/or at the times of Plaintiff's detention and arrest, there was reasonable cause to believe that the detention and arrest of Plaintiff was lawful and therefore Plaintiff is barred from maintaining this litigation.

## TENTH AFFIRMATIVE DEFENSE

124. Defendants allege that Plaintiff was negligent or at fault and failed to use that degree of care and caution which a reasonably prudent person would have used under the same or similar circumstances; that Plaintiff's negligence or fault must be compared with the negligence or fault of the Defendants, as well as that of any other persons or parties, and that any award to Plaintiff must be reduced by the amount that the Plaintiff's negligence or fault contributed to Plaintiff's injuries and damages if any there were.

## ELEVENTH AFFIRMATIVE DEFENSE

125. Defendants allege that all events in connection with the incidents alleged in Plaintiff's FAC and any resulting injuries or damages therefrom were contributed to and proximately caused by the negligence of the Plaintiff in that the Plaintiff failed to exercise ordinary care for his own safety under the circumstances, thereby barring the Plaintiff from any recovery.

## TWELFTH AFFIRMATIVE DEFENSE

126. Defendants allege that they acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

127. Defendants allege that they acted in good faith and did not directly or indirectly perform any acts which would constitute a violation of any constitutional right possessed by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

128. Defendants allege that each of the Plaintiff's state claims are barred by California Government Code sections 815, 815.2, 815.3, 818, 818.2, 820, 820.2, 820.4, 820.6, 820.8, 821, 845.6, 845.8, and 846.

### FIFTEENTH AFFIRMATIVE DEFENSE

129. Defendants allege that at all times relevant to this litigation, the Plaintiff consented, either expressly or impliedly, to any such acts or conduct as may be shown on the part of these Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

130. Defendants allege that at all times relevant to this litigation, the Plaintiff engaged in provocative acts, conduct and/or words such that the conduct of Defendants relating to the Plaintiff was reasonable, necessary and of a consequential nature.

### SEVENTEENTH AFFIRMATIVE DEFENSE

131. Defendants allege that the County of Tulare and any of its employees referred to in the FAC, at all times herein relevant, acted in good faith, without malice, and within the scope of their duties as deputies and other officials for the County of Tulare and as peace officers for the State of California.

### EIGHTEENTH AFFIRMATIVE DEFENSE

132. Defendants allege that at no time relevant to this litigation did the Plaintiff sustain any violation of his civil rights pursuant to a governmental habit or custom thereby precluding the Plaintiff from maintaining his causes of action for violation of his civil rights.

### NINETEENTH AFFIRMATIVE DEFENSE

133. Defendants allege that at all times relevant to this litigation, these Defendants acted in good faith and with probable cause and entertained an honest, reasonable belief that these Defendants' actions were reasonable and necessary thereby precluding the Plaintiff from

maintaining any causes of action for violation of his civil rights.

**TWENTIETH AFFIRMATIVE DEFENSE**

134. Defendants allege that at all times relevant to this litigation, the injuries and damages of which the Plaintiff complains amounted to nothing more than a tort which the State of California protects against by virtue of its tort laws thereby precluding the Plaintiff from maintaining any causes of action for violations of his civil rights.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

135. Defendants allege that a public employee is not liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

136. Defendants allege that at all times relevant to this litigation, these Defendants acted in good faith and with probable cause and at no time did Defendants know or should have known that the action taken within the sphere of these Defendants' official responsibility would violate the constitutional rights of the Plaintiff.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

137. Defendants allege that to the extent that Plaintiff's causes of action for violations of his civil rights are based upon a theory of *respondeat superior* against these Defendants, Defendants are immune from liability.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

138. Defendants allege that the Plaintiff's claim for damages is barred because Plaintiff could have avoided such damages, if any there were, with reasonable effort and failed to do so.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

139. Defendants allege that Plaintiff is estopped by his own conduct from asserting the

allegations in the FAC.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

140. Defendants allege that Plaintiff knew of the danger and risk incident to his activity, but nevertheless freely and voluntarily exposed himself to all risks of harm and therefore assumed all risk of harm incidental thereto.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

141. Defendants allege that if the conduct of these Defendants is found to have been wrongful, which Defendants have denied and continue to deny, then Plaintiff's claim is barred by the doctrine of unclean hands.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

142. Defendants allege that Defendants exercised due care in the execution or enforcement of a law and are immune from liability.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

143. Defendants allege that medical care was promptly summoned and provided to Plaintiff.

### THIRTIETH AFFIRMATIVE DEFENSE

144. Defendants allege that the County of Tulare does not have, nor has it had, a custom, policy, or practice of violating the civil rights of any individual.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

145. Defendants allege that its employees were adequately trained, hired, and retained as peace officers for the County of Tulare.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

146. Defendants allege that Plaintiff's damages, if any, were the result of Plaintiff's failure to reasonably mitigate his damages.

///

### THIRTY-THIRD AFFIRMATIVE DEFENSE

147. Defendants allege that Plaintiff failed to comply with applicable sections of the California *Government Code* relating to claims and actions against public entities and public employees.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

148. Defendants allege that the County of Tulare is immune from punitive damages.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues triable by a jury.

**WHEREFORE, THESE ANSWERING DEFENDANTS RESPECTFULLY REQUEST THAT THE COURT:**

A. Enter judgment in Defendants' favor.

B. Award Defendants reasonable costs and fees, including attorneys' fees.

C. Grant Defendants such other and further relief as the Court deems just and proper.

Dated: October 19, 2022

JENNIFER M. FLORES
Tulare County Counsel

By *Amy J. Myers*
Amy J. Myers
Deputy County Counsel
Attorneys for Defendants

AIM/8/15/2022/2021636

# DECLARATION OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed in the County of Tulare, State of California. I am over the age of eighteen (18) years and not a party to this case. My business address is 2900 West Burrel Avenue, Visalia, CA 93291.

On this date, I served the following document(s): DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT.

> Dale K. Galipo, Esq.
> Ranhee Lee, Esq.
> Law Offices of Dale K. Galipo
> 21800 Burbank Blvd., Suite 310
> Woodland Hills, CA 91367
> Attorney for Plaintiff

In the following manner:

☒ (**BY MAIL**) I am "readily familiar" with The County of Tulare's practice of collection and processing correspondence by mailing. Under that practice, mail is deposited with the U.S. Postal Service on the same day with postage fully prepaid at Visalia, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (**BY ELECTRONIC MAIL**) With the addressee(s)' consent and agreement, I caused such document to be delivered by electronic transmission to the addressee(s) AS A COURTESY.

☒ (**BY CM/ECF**) I caused to be transmitted a copy of the above noted document(s) this date via the United States District Court's ECF System, which electronically notifies all counsel listed above.

Executed on this 19th day of October, 2022, at Visalia, California.

*Kari Martin-Higgins*
Kari Martin-Higgins

KAM/8/29/2022/2021636