UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WELCH,<br><br>    Plaintiff,<br><br>   v.<br><br>COUNTY OF TULARE, DAVID RANDOLPH, HECTOR RODRIGUEZ, and NICHOLAS SANDOVAL,<br><br>    Defendants. | Case No.  1:22-cv-00755-ADA-HBK<br><br>ORDER GRANTING JOINT MOTION TO STAY<br><br>(Doc. No.  18)<br><br>ORDER FOR PLAINTIFF TO FILE STATUS UPDATES EVERY NINETY DAYS |

Pending before the Court is Defendants County of Tulare, David Randolph, Hector Rodriguez, and Nicholas Sandoval ("Defendants") and Plaintiff Shannon Welch ("Plaintiff") (collectively the "Parties') Joint Motion to Stay filed on March 9, 2023.  (Doc. No. 18, "Motion").  The Parties jointly request the Court stay this action pending disposition of Plaintiff's underlying criminal case.  (*Id*.).  The Court, finding good cause, will grant the Motion but require Plaintiff to file status reports every ninety (90) days.

The court is vested with broad discretion to stay a case.  *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  Such discretion may be exercised even if the underlying issues before the court are not controlling.  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F. 2d 857, 863-64 (9th Cir. 1979).  It is "common practice" when pending civil and criminal actions stem from the same incident "to stay the civil action until

1 the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384,
2 394, (2007).  Whether a stay is prudent requires the court to balance whether "the [criminal]
3 defendant's fifth amendment rights are implicated" and whether the interest of the civil plaintiff,
4 the public, and the court favor a stay.  *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899,
5 902–03 (9th Cir. 1989).  In analyzing the propriety of a stay, the court examines the "particular
6 circumstances and competing interests involved in the case."  *Keating v. Office of Thrift
7 Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotations omitted).

8 Here, Plaintiff proceeds on a complaint alleging various federal civil rights and state tort
9 law claims stemming from an incident that occurred on May 21,2021, including an excessive use
10 of force claim against Defendant Sandoval.  (*See generally* Doc. No. 1).  The State is criminally
11 prosecuting Plaintiff in connection with the incident that occurred on May 21, 2021, charging him
12 with Resisting, Obstructing, or Delaying of a Peace Officer in violation of California Penal Code
13 section 148(a)(1) in Tulare County Juvenile Court Case No. JJD073224.  The named crime victim
14 is Deputy Sandoval, who is a named Defendant in this case.  The facts underlying both the civil
15 and criminal matters appear to stem from the same incident.

16 Plaintiff would likely invoke his Fifth Amendment right against self-incrimination so that
17 Defendants would be precluded from conducting meaningful discovery from Plaintiff while the
18 criminal matter still is pending.  Thus, staying the case makes "efficient the use of judicial
19 resources by ensuring that common issues of fact will be resolved, and subsequent civil discovery
20 will proceed unobstructed by concerns regarding self-incrimination." *Taylor, Bean & Whitaker
21 Mortg. Corp. v. Triduanum Fin., Inc.*, 2009 WL 2136986, at *4 (E.D. Cal. July 15, 2009)
22 (internal quotations omitted).  Further, as a "general matter the public's interest in the integrity of
23 the criminal case is entitled to precedence over the civil litigant." *Acacia Corp. Mgmt., LLC v.
24 United States*, No. 2008 WL 2018438, at *5 (E.D. Cal. May 7, 2008) (internal quotations
25 omitted).  Significantly, a conviction in the parallel criminal case may be dispositive of this case.
26 *Heck v. Humphrey*, 512 U.S. 477 (1994) (prohibiting a § 1983 civil action for damages if it would
27 invalidate a conviction or sentence).  Further, a stay of these proceedings could prevent the
28 unnecessary expenditure of resources and does not prevent plaintiff from proceeding on his claim

when the criminal proceedings are resolved.  *See Wallace*, 549 U.S. at 393-94 (recommending court stay civil action until potentially conflicting criminal proceedings are complete).  The Court finds the *Keating* factors satisfied.[1]  Moreover, the *Younger* abstention doctrine cautions federal courts from interfering with ongoing state criminal proceedings, absent extraordinary circumstances.  *Younger v. Harris*, 401 U.S. 37, 43-54 (1971); see also *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).  Thus, the Court finds a stay of this case is proper until the underlying criminal matter is finally concluded.

Accordingly, it is **ORDERED**:

1. The Parties' Joint Motion to Stay (Doc. No. 18) is GRANTED.

2. The Court STAYS this case until the underlying criminal matter (Tulare County Juvenile Court Case No. JJD073224) is finally concluded.

3. The Court VACATES the Initial Scheduling Conference set for March 16, 2023, and any other hearing dates and/or deadlines.

4. Plaintiff shall file a status report every ninety (90) days to inform the Court of the status of the underlying criminal matter and shall file a notice no later than thirty (30) days after conclusion of Plaintiff's underlying criminal matter and move to lift the stay.

Dated:    March 13, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] In addition to whether the criminal defendant's Fifth Amendment right is implicated, the court is to consider the plaintiff's interests in proceeding with the litigation and potential prejudice to the plaintiff due to the delay; the convenience of the court and efficient use of judicial resources; any third-party interests; and interest of the public. *Keating*, 45 F.3d at 324-25.